# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Terrance J. McClinch,<br><br>        Debtor | Chapter 11<br>Case No. 18-10568 |
| Joseph A. Palsa, in his Capacity as Trustee Under the Arthur L. McClinch Trust Dated April 3, 1981,<br><br>        Plaintiff,<br><br>v.<br><br>Terrance J. McClinch,<br><br>        Defendant | Adv. Proc. No. 20-1004 |

## ORDER DENYING MOTION TO STRIKE

The Defendant has filed a Motion to Strike Certain Statements in Plaintiff's Brief Opposing Bifurcation of Proceedings [Dkt. No. 33] (the "Motion"). According to the Defendant, the Plaintiff's brief contains statements that are: (1) false; (2) inappropriate; (3) irrelevant; (4) impertinent; (5) scandalous; (6) defamatory; (7) immaterial; (8) wild; and (9) baseless.

The Defendant invokes Fed. R. Civ. P. 12(f), which applies only to pleadings. *See* Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside the pleadings are not subject to Rule 12(f)."). Because the Plaintiff's Brief Opposing Bifurcation of Proceedings [Dkt. No. 31] (the "Plaintiff's Brief") is not a pleading, *see* Fed. R. Civ. P. 7(a); Fed. R. Bankr. P. 7007, Rule 12(f) does not apply. That alone is a basis for denying the

Motion.

Further, even if Rule 12(f) could provide a basis for striking the challenged portions of the Plaintiff's Brief, the Court would not exercise its discretion to do so.  Rule 12(f) provides that the court "may strike . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Rule 12(f) is not concerned with truth or falsity, and is not directly concerned with relevance.  Other parts of the Federal Rules of Civil Procedure are designed to ensure that statements made in papers filed in court bear sufficient hallmarks of truth.  And relevance is a foundational concept in the Federal Rules of Evidence.  But the Motion invokes Rule 12(f) and only Rule 12(f).

Immaterial, impertinent, or scandalous matter may be stricken under Rule 12(f).  That said, motions to strike are generally disfavored, *see* 5C Fed. Prac. & Proc. Civ. § 1380; *accord* Redmond v. Yachting Solutions, LLC, No. 2:17-CV-292-GZS, 2018 WL 1075030, at *3 (D. Me. Feb. 27, 2018), and they are "are not typically granted without a showing of prejudice to the moving party." Lewis v. Kennebec Cnty., No. 1:16-cv-00559-JAW, 2017 WL 6549758, at *3 (D. Me. Dec. 22, 2017) (quotation marks omitted).  There has been no showing of prejudice here.  In issuing the Rule 16(b) scheduling order, the Court was not influenced, in any way, by the challenged statements in the Plaintiff's Brief.  And the statements are not sufficiently scandalous to warrant striking them from the record at this point.

The Motion is therefore DENIED.

Date:  June 10, 2020

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine