## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Terrance J. McClinch,<br><br>                    Debtor | Chapter 11<br>Case No. 18-10568 |
| Joseph A. Palsa, in his capacity as Trustee Under the Arthur L. McClinch Trust Dated April 3, 1981,<br><br>                    Plaintiff<br>  v.<br><br>Terrance J. McClinch,<br><br>                    Defendant | Adv. Proc. No. 20-1004 |

### ORDER UNDER FED. R. BANKR. P. 7016

The Federal Rules of Bankruptcy Procedure direct the Court to "decide . . . whether: (1) to hear and determine [an adversary] proceeding; (2) to hear the proceeding and issue proposed findings of fact and conclusions of law; or (3) to take some other action. Fed. R. Bankr. P. 7016(b). This direction exists because of the requirements of the United States Constitution with respect to the exercise of judicial power. *See generally* Stern v. Marshall, 564 U.S. 462 (2011); N. Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982). At the Court's direction, the parties submitted memoranda addressing the appropriate course in this adversary proceeding. *See* [Dkt. Nos. 44 and 46].

This proceeding is easily distinguishable from the proceeding in Stern v. Marshall. There, the debtor brought suit—in the form of a counterclaim—against a creditor seeking an affirmative recovery from the creditor in an effort to augment the bankruptcy estate. The counterclaim was not

necessarily resolved in determining the creditor's claim against the bankruptcy estate. Here, the debtor is a defendant. The Plaintiff's complaint does not seek to augment the estate; rather, the Plaintiff's complaint appears to be an effort to assert a claim against the estate (whether or not the confirmation order is revoked under 11 U.S.C. § 1144). For this reason, the Court concludes that this is a core proceeding, *see* 28 U.S.C. § 157(b), and there is no Constitutional impediment to the entry of judgment. The Court will hear and determine this proceeding. *See* Fed. R. Bankr. P. 7016(b)(1).

The Court reserves the right to revisit this order, on the Court's own motion, following disposition of the Plaintiff's Motion to Dismiss Counterclaims [Dkt. No. 50]. By issuing this order, the Court is not determining whether the Defendant is, or is not, entitled to a jury trial on any aspect of the Plaintiff's complaint.

Date: July 22, 2020

                              Michael A. Fagone
                              United States Bankruptcy Judge
                              District of Maine