**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Terrance J. McClinch,<br><br>　　　　　　　Debtor | Chapter 11<br>Case No. 18-10568 |
| Joseph A. Palsa, in his Capacity as Trustee Under the Arthur L. McClinch Trust Dated April 3, 1981,<br><br>　　　　　　　Plaintiff<br>　v.<br><br>Terrance J. McClinch,<br><br>　　　　　　　Defendant | Adv. Proc. No. 20-1004 |

## ORDER COMPELLING PRODUCTION OF DOCUMENTS

Potential discovery disputes have loomed over this adversary proceeding since its inception. Many of those disputes have now come into sharper focus and have been presented to the Court by way of a motion under Fed. R. Civ. P. 37. More specifically, the Plaintiff filed its Motion to Compel Defendant Terrance J. McClinch to Produce Documents [Dkt. No. 83] (the "Motion to Compel") and the Defendant countered with an objection [Dkt. No. 85] (the "Objection"). After considering the parties' statements at a hearing on November 9, 2020, the Court GRANTS the Motion to Compel in part on the following terms:

1. A preliminary matter deserves mention. The Defendant has prefaced his responses and objections to the Plaintiff's first request for production of documents with a number of "General Objections" that, in his view, should apply to all of his responses. *See* [Dkt. No. 83, Ex. B-1, B-2, B-3, & B-4]. By and large, these "General Objections" are not effective to limit the Defendant's discovery obligations.

    Objections to requests for production must be advanced "[f]or each item or category" of information requested and must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection must [also] state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). This latter requirement is intended avoid the confusion that arises "when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." Fed. R. Civ. P. 34 Advisory Committee Notes (2015 Amendment).

2. In his third numbered "General Objection," the Defendant asserts that he will not produce documents responsive to the Plaintiff's requests if those documents are in possession of a third party who has been subpoenaed by the Plaintiff. Instead, the Defendant asserts that such documents will be produced by the third party in accordance with the subpoena. The Defendant's obligation to produce documents within his possession, custody, or control is not suspended by the reality that the same documents may be, or even are, in the possession, custody, or control of a third party, and may be subject to production by that third party. *See* Pinkston v. Univ. of S. Fla. Bd. of Trs., No. 8:18-cv-2651-T-33SPF, 2019 WL 4254471, at *2 (M.D. Fla. Sept. 9, 2019); Seah Chee Wei v. Rocky Point, Int'l LLC, No. 16-CV-1282-JPS, 2017 WL 3911585, at *1 (E.D. Wis. Sept. 6, 2017). The Defendant's third numbered General Objection is therefore overruled.[1]

3. In his fourth numbered "General Objection," the Defendant indicates that he "shall not produce documents or information responsive to any Request to the extent any such responsive document contains information subject to the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest

---

[1] This objection is overruled, but the Court has stopped short of ordering production of documents or ESI withheld on the basis of this objection for one simple reason: there may be other grounds upon which the Defendant has resisted producing some of the documents or ESI. For example, there may be a claim of attorney-client privilege as to some of the documents or ESI. Although the Defendant had not, as of November 9, 2020, served a privilege log, and such a failure could result in a waiver of any applicable privilege, the Plaintiff has not asked for an order determining that such a waiver occurred. To a certain extent, the parties' discovery disputes were presented to the Court in a vacuum.

privilege, or any other applicable privilege, protection, or immunity from discovery. Any redacted or withheld documents shall be identified in accordance with the ESI Protocol at a future date when McClinch's document productions are complete." *See, e.g.,* [Dkt. No. 83, Ex. B-1]. This generalized objection does not meet the requirements of Fed. R. Civ. P. 26(b)(5)(A)(ii). And, to the extent that the objection contemplates the production of a privilege log only after the completion of the Defendant's document production, the objection conflicts with the parties' stipulated ESI Protocol, Part E(1) of which contemplates the production of "a rolling privilege log of withheld documents within a reasonable period after the document was withheld from" the rolling production of documents. *See* [Dkt. No. 51]. The Defendant is ordered to produce a privilege log that describes the documents withheld in sufficient detail for specific claims of privilege to be assessed (on a document-by-document basis, or on a categorical basis that meets the requirements of the ESI Protocol), and to complete that production no later than December 4, 2020.

4. The Defendant's fifth numbered "General Objection" is temporal. In it, he "objects to the timeframe of the Requests of January 1, 2009, to the present date." *See, e.g.,* [Dkt. No. 83, Ex. B-1]. He further states that: "For each Request, and subject to any general or specific objections, McClinch shall limit his search for documents only to the time period in which responsive documents are reasonably likely to exist in the ordinary course or to the time period set forth in any specific objection." Id. This objection to the temporal scope of some aspects of the Plaintiff's discovery requests has some merit. Discovery of documents and ESI dating back to January 1, 2009 is not proportional to the needs of the case considering the factual questions in this proceeding. While it is technically possible that documents from 2009 may bear on factual questions regarding the Defendant's financial condition in 2012, the burden of collecting extensive documentation dating back over 10 years outweighs its likely benefit to the resolution of the parties' disputes. For this reason, the Defendant need not produce documents or ESI dating prior to January 1, 2012. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). But he may not withhold documents or ESI dating after January 1,

    2012 on the basis of any general or specific temporal objection or limitation like that found in the Defendant's response to Request for Production ("RFP") 7 and 8.

5. In light of these determinations, and subject to the temporal parameter established in the prior paragraph, the Defendant is hereby ORDERED to produce documents responsive to RFP 7, 9, 10, 11, 25, 26, and 27. The Defendant must also produce documents responsive to RFP 8, but only as to 185 Thorpe Street Corp.[2]

6. The final aspect of the Motion to Compel relates to the Plaintiff's requests for production of the Defendant's passports and other information documenting international travel by the Defendant. The Defendant has objected to the request for production of his passports, asserting that the request "for personal and confidential information is intended solely to harass [him] and not to lead to the production of any information relevant to a party's claims or defenses[.]" [Dkt. No. 83, Ex. B-1.] He has objected to the requests for production of his other travel documents, asserting that the information and documents sought by the requests are not relevant and that the burden of production would substantially outweigh the probative value, if any, of the information. *See* [Dkt. No. 83, Ex. B-3].[3]

7. Relevance is a binary concept: either information is relevant or it is not. In civil litigation in federal court, the test for relevance is set forth in Fed. R. Evid. 401:

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

---

[2] The Plaintiff did not ask the Court to compel production of documents responsive to RFP 8 as that request relates to the other defined "Subject Entities." That term is expansively defined to cover 43 entities "and their present and former subdivisions, subsidiaries, parents, affiliates, predecessors, successors, and assignees, their present and former officers, directors, members, managers, trustees, principals, shareholders, partners, investors, employees, agents, representatives, consultants, nominees, accountants, attorneys-in-fact, and lawyers[.]" [Dkt. No. 83, Ex. A.]

[3] The requests for production of travel documents sweep broadly. RFP 72, for example, seeks: "Any and all documents, including but not limited to tickets, receipts, calendars, souvenirs, and customs declarations, concerning international travel by Terrance J. McClinch." Id.

>>(b) the fact is of consequence in determining the action

Fed. R. Evid. 401. The Plaintiff posits that information about the Defendant's international travel may reveal information about his financial condition. The Plaintiff's suspicions are sharpened by twin beliefs: first, that the Defendant traveled to countries where laws or customs permit assets to be hidden from creditors and others with relative ease, and second that the Defendant traveled to some of those places on his private aircraft and stayed there only for short periods of time. The Defendant's financial condition as of the date of his chapter 11 filing is, without question, relevant to one of the counts in the Plaintiff's complaint. The Defendant's financial condition in 2012 would seem to be relevant to the Plaintiff's claim that certain consents were procured by misrepresentations. But the Defendant's international travel, by itself, does not make any material fact in this case more or less probable. The passports by themselves, are not relevant.

8. The same conclusion obtains with respect to RFP 72-77. The travel information that the Plaintiff seeks is not relevant to any claim or defense in this case. As to these requests, even if the information were relevant, the requests are not proportional to the needs of this case. Unlike relevance (which is binary), proportionality is measured on a sliding scale. To be sure, the Plaintiff would like an opportunity to examine the Defendant about his personal affairs and, if the Plaintiff learned that the Defendant traveled to certain jurisdictions, the Plaintiff may be able to ask, in a deposition, more pointed questions designed to unearth hidden assets. To an extent, this may be a useful exercise for the Plaintiff. But the proportionality limits of Rule 26(b) contemplate that a party may be denied access to some discovery that could be helpful to that party. That is the entire point of proportionality in discovery. The slim likelihood of these requests producing relevant evidence, the intrusion on the Defendant's privacy interests, and the effort and expense that would attend the collection and production of the information sought leads the Court to conclude that RFP 72-77 exceed the permissible scope of discovery.

9. To the extent that the Defendant has not yet completed responding to and producing documents in response to the Plaintiff's First Request for Production, he must complete these efforts no later than December 4, 2020.

10. Because neither party asked for an award of expenses under Fed. R. Civ. P. 37(a)(5), and because both parties bear some responsibility for the circumstances that produced the Motion to Compel, no expenses are awarded. However, if other motions under Rule 37 are brought in this case, the Court will apply the rule according to its terms, and the absence of a request for expenses by the prevailing party will not be a material factor in the Court's analysis.

Date: November 16, 2020

Michael A. Fagone
United States Bankruptcy Judge
District of Maine